UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| STEVEN BERRY, | ) | |
|---|---|---|
| Petitioner | ) | |
| vs. | ) | CAUSE NO. 3:09-CV-102 RM |
| | ) | (Arising from 3:06-CR-102(01) RM) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | |

OPINION AND ORDER

Steven Berry pleaded guilty in February 2007 to a charge of enticement of a minor in violation of 18 U.S.C. § 2422(b). He was sentenced on May 1, 2007 to a term of 120 months' imprisonment, to be followed by a three year supervised release term, and judgment was entered that same day. As part of the plea agreement, the government dismissed Count 2 of the Indictment, which charged Mr. Berry with knowingly transferring obscene material to a minor in violation of 18 U.S.C. §1470. Plea Agree., ¶ 9(j).

Mr. Berry now asks that his sentence be vacated pursuant to 28 U.S.C. § 2255 based on three arguments: first, his sentence represents an improper construction of a federal criminal statute; next, his counsel was ineffective for not filing an appeal even though Mr. Berry told him to do so; and, third, 18 U.S.C. § 2422(b) violates the Commerce Clause, thereby depriving the court of jurisdiction over his case. The government has responded to Mr. Berry's petition, and Mr.

Berry filed his reply. For the reasons that follow, the court denies Mr. Berry's petition.

I. Timeliness

Motions brought pursuant to 28 U.S.C. § 2255 must be filed within one year of the latest of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Judgment was entered in this action on May 1, 2007, and no appeal was taken. Mr. Berry's conviction became final on May 11, 2007, when the ten-day period for filing a notice of appeal expired, so to be timely his petition would have had to have been filed by May 12, 2008 (May 11, 2008 was a Sunday). Mr. Berry's petition was filed on March 12, 2009.

Mr. Berry hasn't addressed the untimeliness of his petition, but says he didn't become aware of some of the issues he now raises until July 31, 2008 when the decision in United States v. Gladish, 536 F.3d 646 (7th Cir. 2008), was issued. Mr. Berry maintains Gladish renders his sentence an improper construction of a

federal statute and establishes that the court lacked jurisdiction to accept his plea and impose his sentence. Mr. Berry concludes that he's being "confined under a void construction and therefore under a sentence not authorized by law."

Mr. Berry appears to rely on § 2255(f)(4), which begins the one-year limitations period when a defendant discovers facts supporting his claim that couldn't have been discovered earlier through the exercise of due diligence. Mr. Berry says he couldn't have relied on the Gladish decision before its issuance. Thus, whether Mr. Berry's petition is timely requires the court to determine whether a court of appeals' decision interpreting a statute under which a defendant was convicted can extend the one-year deadline under § 2255(f)(4). Stated differently, Mr. Berry falls within the one-year time limitation of § 2255(f)(4) only if the Gladish decision constitutes a newly discovered "fact."

The Supreme Court held in Johnson v. United States, 544 U.S. 295 (2005), that the post-sentencing vacatur of a state conviction that affected the defendant's federal sentence was a new "fact" that opened the one-year window for the defendant to seek collateral relief under § 2255(f)(4): "We commonly speak of the 'fact of a prior conviction,' . . . and an order vacating a predicate conviction is spoken of as a fact just as sensibly as the order entering it. . . . [A] claim of such a fact is subject to proof or disproof like any other factual issue." 544 U.S. at 306-307.

Our court of appeals declined to expand Johnson v. United States by rejecting a claim in Lo v. Endicott, 506 F.3d 572 (7th Cir. 2007), that "a state

3

court decision modifying substantive law constitutes a 'factual predicate' under § 2244(d)(1)(D) justifying a new one-year limitations period," 506 F.3d at 576, noting that the limitation provisions of § 2255(f)(4) and § 2244(d)(1)(D) are "in concert with one another." 506 F.3d at 575 n.2 (*citing* Lackawanna County Dist. Attorney v. Cross, 532 U.S. 394, 402 (2001) (plurality op. of O'Connor, J.)). Mr. Lo argued that the Wisconsin Supreme Court's clarification of the law on self-defense invalidated a jury instruction given in his case, but the court of appeals reasoned that unlike the state court vacatur in Johnson, the Wisconsin Supreme Court case wasn't a fact within Mr. Lo's own litigation history that changed his legal status. The court said that even though the Wisconsin Supreme Court's decision could arguably help Mr. Lo's claim, "that does not make the decision a fact subject to proof or disproof" and

> adopting [Mr.] Lo's argument would render the limitations in § 2244(d)(1)(C) meaningless. Section 2244(d)(1)(C), the primary vehicle through which court decisions restart the limitations period, provides that the decision must involve a constitutional right recognized by the Supreme Court, and that the Court must make the right retroactively applicable to cases on collateral review. To suggest, as [Mr.] Lo does, that any decision by any court on any issue could constitute a 'factual predicate' would swallow up the specifically delineated limitations in § 2244(d)(1)(C).

506 F.3d at 575-576; *see also* Seals v. United States, No. 08-CV-80, 2009 WL 1108482, at *2 (S.D. Ill. Apr. 24, 2009) ("[A]n extension of Johnson is not warranted here because Amendment 709 [to the Sentencing Guidelines] is not a 'fact' pertaining to Seals's personal criminal history that alters or changes his legal status. The Amendment is not 'subject to proof or disproof,' but is rather a

4

substantive legal change. Construing every substantive change in the law as a new 'fact' for the purposes of § 2255(f)(4) would render meaningless the limitations provision under § 2255(f)(3), which provides that § 2255 motions may be filed within one year of a retroactive change in the law as pronounced by the Supreme Court.").

The Eighth Circuit addressed a similar situation is <u>E.J.R.E. v. United States</u>, 453 F.3d 1094 (8th Cir. 2006), which involved application of a 2002 amendment to 18 U.S.C. § 5037(a) vesting "federal district courts with the express statutory authority to impose a juvenile sentence that includes a period of detention followed by a term of juvenile delinquent supervision." 453 F.3d at 1096. E.J.R.E. was adjudicated delinquent and sentenced to detention followed by a term of juvenile delinquent supervision for conduct that occurred before 2002. In 2004, the Eighth Circuit held in <u>United States v. J.W.T.</u>, 368 F.3d 994 (8th Cir. 2004), that the amendment to § 5037 couldn't be applied to acts of delinquency committed before November 2, 2002. E.J.R.E. then filed a § 2255 petition based on <u>J.W.T.</u>, arguing that his petition was timely pursuant to § 2255(f)(4). The Eighth Circuit concluded that there was no operative fact to invalidate and a decision of a court of appeals, "unlike a predicate conviction, is a ruling exclusively within the domain of the courts and is incapable of being proved or disproved." 453 F.3d at 1098. The court explained further that § 2255(f)(3)

> supports the conclusion that a decision taken from a federal court of appeals does not provide an independent basis to trigger the one-year statute of limitations provided under § 2255. Paragraph [(f)(3)] states

5

that the statute of limitations will begin to run only where the Supreme Court recognizes a new right that it applies retroactively to cases on collateral review. § 2255 para. [(f)(3)]. We believe Congress, by limiting paragraph [(f)(3)] in this fashion, impliedly rejected the notion that the creation of a new right by the Supreme Court that is not made retroactive to cases on collateral review, other rulings of law by the Supreme Court, and decisions taken from the courts of appeal in all instances, could trigger any of the limitations periods enumerated under § 2255.

453 F.3d at 1098.

Unlike the petitioner in Johnson v. United States, Mr. Berry hasn't asked the court to consider developments in his personal judicial process that alter his legal status. The development brought about by the decision in United States v. Gladish is like the substantive changes in law addressed in Lo v. Endicott, Seals v. United States, and E.J.R.E. v. United States and so isn't considered a "fact" for purposes of extending the one-year limitations period for filing petitions pursuant to 28 U.S.C. § 2255. Because the decision in United States v. Gladish can't be considered a new fact, the one-year period applicable to Mr. Berry's case began to run on May 11, 2007 and expired on May 12, 2008. 28 U.S.C. § 2255(f)(1). Mr. Berry's petition, filed March 12, 2009, is untimely.

II. Plea Agreement Waiver

Even were the court to ignore the timeliness issue, Mr. Berry still would not be entitled to the relief he seeks based on his express waiver, in his plea agreement, of his right to appeal or challenge any part of his sentence or

6

conviction. As part of his agreement with the government, Mr. Berry agreed as follows:

> I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed to any court on any ground including any claim of ineffective assistance of counsel unless the claimed ineffective assistance relates to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Plea Agree., ¶ 9(f). Mr. Berry agreed that his guilty plea was offered "freely and voluntarily and of [his] own accord," Plea Agree., ¶ 12, and informed the court at his change of plea hearing that he understood the consequences of the waiver provision:

> THE COURT: As I understand it, you're aware that people who are sentenced in federal court ordinarily have the right to appeal their sentence.
> MR. BERRY: Yes, sir.
> THE COURT: But as I understand it, as part of your plea agreement, you're giving up that right to appeal and giving up the right to file any later petition for writ of habeas corpus or paper like that. Is that how you understand it?
> MR. BERRY: Yes, sir.
> THE COURT: And that's an important provision, so I want to ask a little further. As I understand it, that means that if from here on out I do anything with respect to the case that you don't think was right, or if Ms. Miller Lowery or anyone else from her office does anything with respect to the case that you don't think was right, or if Mr. Jones in trying to represent you were to do anything with respect to the case that you didn't think was right, even if whatever happened meant your sentence would be longer than it should have been, once I impose the sentence, you wouldn't be able to complain about that to this court or any other court. Is that how you understand it?
> MR. BERRY: Yes, sir.

Plea Hrg. Tr., at 12-13.

Mr. Berry's sworn statements at his change of plea hearing are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The record supports a finding that Mr. Berry's guilty plea was "a voluntary and intelligent choice among the alternative courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the waiver of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Berry during the plea colloquy, and Mr. Berry acknowledged that he understood. Mr. Berry hasn't challenged the plea agreement or the waiver provision, nor has he alleged that his counsel was ineffective in negotiating the plea or the waiver of his right to challenge his sentence. Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000); Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999).

Mr. Berry can't succeed on his claim that his counsel was ineffective by not filing an appeal after Mr. Berry instructed him to do so. The Sixth Amendment doesn't require counsel to pursue an appeal on behalf of a defendant who, like Mr. Berry, has waived that right both on paper and in open court. *See* Nunez v. United States, 546 F.3d 450, 456 (7th Cir. 2008) ("Once a defendant has waived his right to appeal not only in writing but also in open court under Rule 11(b)(1)(N), the sixth amendment does not require counsel to disregard the waiver."). Because Mr.

Berry's plea was informed and voluntary, the waiver of his right to appeal or file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d at 453.

Neither can Mr. Berry succeed on his claim that the waiver provision doesn't apply to his § 2255 petition because the court lacked subject matter jurisdiction to accept his plea, impose a sentence, and enter judgment in this action. Mr. Berry bases his claim on United States v.Gladish, 536 F.3d 646 (7th Cir. 2008), where the court concluded that

> [t]he question [under 18 U.S.C. § 2422(b)] . . . is whether the defendant is guilty of having *attempted* to get an underage girl to have sex with him. To be guilty of an attempt you must intend the completed crime and take a 'substantial step' towards its completion.

536 F.3d at 648. Mr. Berry claims his conduct mirrors that in Gladish and, like Mr. Gladish, his actions didn't rise to the level of the substantial steps necessary to have violated 18 U.S.C. § 2422, so the court lacked jurisdiction to accept his plea or impose a sentence. Mr. Berry is mistaken. Whether he engaged in actions sufficient to support a conviction under 18 U.S.C. § 2422 doesn't invalidate the statute or deprive the court of subject matter jurisdiction over his case.

The court needn't address Mr. Berry's remaining arguments under United States v. Gladish or the Commerce Clause because 28 U.S.C. § 2255(f)(4) and the terms of his plea agreement bar his claims.

III. Conclusion

Based on the foregoing, the court DENIES Mr. Berry's motion to vacate, set aside, or correct sentence [docket # 35], and DENIES as moot his request to proceed *in forma pauperis* [docket # 36] and motion for appointment of counsel [docket # 44].

SO ORDERED.

ENTERED:   August 20, 2009

   /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: S. Berry